## ECONOMIC ENGINEERING & CONSTRUCTION CO. v. AURORA, E. & C. RY. CO.

(District Court, N. D. Illinois, E. D.   September 15, 1914.)

### No. 30,886.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PNEUMATIC CONVEYOR.
> The Bassler patent, No. 851,054, for a pneumatic conveyor, for conveying coal ashes, discloses patentable novelty, and sufficiently describes the invention, although the device has been made more efficient by experimentation since the patent; also *held* infringed.

In Equity. Suit by the Economic Engineering & Construction Company against the Aurora, Elgin & Chicago Railway Company. On final hearing. Decree for complainant.

George E. Waldo, and C. C. Bulkley, both of Chicago, Ill., for complainant.

George L. Wilkinson, of Chicago, Ill., for defendant.

SANBORN, District Judge. This is a suit for infringement, based on patent No. 851,054, for a pneumatic conveyor, issued to Edwin M. Bassler, April 23, 1907. The two defenses, want of novelty and no infringement, are closely related to each other; defendant contending that its conveyor is the result of long experiment subsequent to the patent, and not of anything disclosed in it.

The patent is for a combination of a conduit for conveying ashes or other material, a tank or receptacle for discharge of such material, a vacuum to create an air current for conveying the material, a baffle-plate or other means for interrupting the blast from the conduit to the tanks, and means to discharge water along the face of the baffle-plate and across the blast from the conduit. Defendant's device is a pneumatic conveyor for ashes. The conduit starts in front of the boilers and runs quite a long distance to the ash-tank. The hot ashes and clinkers are put into the conduit at the boilers, and drawn through the conduit by suction. A baffle in the form of a scoop shovel is hung in the tank in front of the discharging end of the conduit, which fills up so as to present a surface of ashes to the incoming blast of ashes, clinkers, and water. A spray of water is inserted into the conduit 30 feet away from the tank to extinguish the fire in the clinkers, and without thoroughly wetting the ashes mix with them in the form of vapor and small drops of water so that the fine air-dust will be laid, the fire extinguished, and sufficient water will be carried to the baffle to keep the surface of the ashes held by it washed off. If the fire is not extinguished by the time the material reaches the tank, explosive gases are generated there, and it is necessary also to settle the dust because the friction of dry ashes blown against the pipes, and the suction fan, is destructive.

The gist of the defense is that the patentee only provides that the water shall be discharged inside the tank and at the very point where the material strikes the baffle. Such an arrangement is a failure, be-

cause the fire cannot be put out or the dust laid without carrying the spray back into the conduit a distance sufficient to accomplish these results and also keep the baffle in proper shape. It is further urged, as the fact is, that it was only after long experiment by expert workmen that the proper location of the water spray was found, and that this was the discovery of the defendant, wholly unknown to the patentee. It further appears that a system built according to the Bassler drawings, with the water discharge in the ash-tank, was a failure, as any system in which the water-spray is not located in the conduit must be. It is urged that defendant's device is not derived from any disclosure of the patent; that the Bassler claims require the water-discharge to be across the blast after it leaves the conduit and along the face of the baffle, which defendant does not do, and which cannot be practically done; that Bassler did not understand the problem of properly discharging hot ashes, and did not disclose or even hint at its proper solution; that he merely put out a puzzle (to use the illustration of the Rubber Tire Case, cited below), and does not even "express a happy thought" towards the practical result obtained by defendant.

It is true, as universally held by the federal courts, that a patentee must not only produce something new, but tell us how to use it. Diamond Rubber Tire Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527. The question is whether, in view of the nature of the problem, the invention claimed was sufficiently described. From the patent description and drawings it is evident that Bassler believed the application of water just in front and along the face of the baffle would put out the fire and lay the dust so that the mass would fall to the bottom of the tank and the baffle be kept clean. This has been found not to be practical, as the water-spray must be placed in the conduit, and far enough away to extinguish the fire, lay the dust, and enable enough free water to be carried to the baffle to keep it free from the sticky ashes, which contain sufficient carbonate of lime to harden them like cement, if they are allowed to remain in a wet mass. So the inquiry is whether Bassler, assuming he discovered something new, sufficiently described it to enable skilled men to construct it. Coal ashes vary considerably in their composition, depending on the elements in the coal in different mines, so that different kinds require different methods of applying the water. Experiment is always necessary.

The patentee describes and claims two things essential to the operation of pneumatic conveyors of hot ashes, that water must be discharged (1) across the blast from the conduit, and (2) along the face of the baffle; assuming that he does not limit the water-discharge to a point within the tank, but permits it to be made in the conduit itself. No doubt the word "blast" technically means a discharge from the mouth of a pipe, but it is equally evident that it was the purpose of the patentee to put out the fire by a water-spray at right angles to the line of movement of the material. In this view the word should not be limited to its ordinary meaning. As so understood the discharge of water in the conduit across the line of draft extinguishes the fire and carries free water against the baffle to keep it free from sticky accumula-

tions. This idea is expressed in the patent disclosure, and its application is necessarily a matter of experiment, differing in each construction.

I think the patentee discovered a new thing and sufficiently disclosed it. In the Rubber Tire Case it was contended in defense that the Grant tire was a success wholly by reason of discoveries subsequent to its publication, and that the patentee had no conception of the device, knowing nothing of the "tipping function," and giving no direction as to the proper tightening of the wires which hold the tire in its seat, nor did he know that the tire would travel around the wheel. It was found that these wires must be strained to a clamping point, a process not explained or known by him. The patent was sustained, although there was as much evidence there as here that the success of the device depended on subsequent development. So in the Expanded Metal Case, 214 U. S. 366, 29 Sup. Ct. 652, 53 L. Ed. 1034, no complete mechanism was disclosed for getting the desired result, but the underlying purpose was fully described. The inventive idea is disclosed by Bassler, and defendant has adopted it, I think, even though after long experiment.

The patentee, it is true, shows the water discharge to be in the tank, close to the baffle. This would tend to extinguish the fire, lay the dust, and wash off the ashes, but did not secure an efficient result. It did, however, suggest trying the plan of wetting the ashes far enough back from the tank to put out the fire and secure the other results referred to. As the witness Hawkins says, in the practical construction of pneumatic conveyors, one could not get away from the Bassler patent.

Claims 4, 5, 6, and 8 are infringed, and there should be a decree as prayed.